UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTEROSO AGUSTIN,<br><br>                Petitioner,<br><br>    v.<br><br>FERETI SEMAIA, et al.,<br><br>                Respondents. | Case No. 5:25-cv-02788-SRM-JDE<br><br>**ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED AS MOOT IN ITS ENTIRETY** |

On November 10, 2025, the Court granted in part Petitioner's *Ex Parte* Application for a Temporary Restraining Order and directed Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. Section 1226(a), and among other actions, enjoined Respondents from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case. Dkt. 10. In addition, the Court required Respondents to show cause as to why the Court should not issue a preliminary injunction in this case. *Id.*

Thereafter, Respondents filed a status report in response to the Court's Order on November 17, 2025, that states Petitioner received a bond hearing pursuant to Section 1226(a) on this same date. Dkt. 11. Included with Respondents' status report is the Order

of the Immigration Judge reflecting Petitioner's hearing and request for a change in custody status, which was denied based on Petitioner "not demonstrate[ing] that he is not a flight risk." Dkt. 11-1. Because Petitioner received the bond hearing pursuant to Section 1226(a), Respondents argue the habeas petition is moot and therefore dismissal is appropriate. Dkt. 11 at 2-3.

In response, Petitioner contends the Immigration Judge used an incorrect burden of proof to determine whether he should be released on bond that did not afford him Due Process, citing *Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011), and *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022), as support. Dkt. 12 at 3. In other words, Petitioner claims that the hearing did not satisfy Section 1226(a) nor the Court's TRO and he remains detained pursuant to an unlawful adjudication and that constitutional violations remain. *Id.* at 9-10. Petitioner further states that as the habeas petition is still active, the TRO's other protections remain and meaningful relief in the form of immediate release or a constitutionally adequate Section 1226(a) hearing remain available. *Id.* at 5. For this reason, Petitioner requests the Court reaffirm that the TRO has not been satisfied and rule on the preliminary injunction or enforce the Section 1226(a) process as required under the Fifth Amendment. *Id.* at 10.

In turn, Respondents filed a reply as directed by the Court in which they assert the proper procedure would be to appeal to the Board of Immigration Appeals (BIA) as regards any error in the Immigration Judge's determination. Dkt. 13 at 2-3. Respondents allege Petitioner must first exhaust his administrative remedies in appealing the Immigration Judge's Order as to his bond status prior to seeking habeas review of that claim. *Id.* at 4-5.

As a general matter, when a detainee has received a bond hearing before an Immigration Judge, the petitioner may appeal that IJ's decision to the BIA if not satisfied with the outcome. *See Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011). Then, if the detainee disagrees with the BIA's decision, he or she may challenge the continued

detention by filing a habeas petition. *See id.* And upon an adverse ruling by the district court, a decision on a habeas petition may be appealed to the Ninth Circuit. *See id.* Because of this established procedure, habeas review of an IJ's bond determination prior to appealing to the BIA would in most circumstances be improper. *See id.* at 1160.

Mainly, the Immigration and Nationality Act contains an administrative exhaustion requirement that has been applied to habeas petitions. *See, e.g.*, *Puga v. Chertoff*, 488 F.3d 812, 814-15 (9th Cir. 2007) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160 (citations omitted).

Courts may excuse, or rather, waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted); *see also Puga*, 488 F.3d at 815 (listing factors a court may consider in determining if the exhaustion of administrative remedies should be waived).

Whether a matter is moot depends on if "there is a present controversy as to which effective relief can be granted." *See Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Actions in this Circuit have been deemed to be moot "when interim relief or events have deprived the court of the ability to redress the party's injuries." *See United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987).

Here, the crux of the Petition is that Petitioner was wrongly subjected to mandatory detention under 8 U.S.C. Section 1225(b)(2)(A), which applies to noncitizens seeking admission into the country, when he should have been granted an individualized bond hearing under 8 U.S.C. Section 1226(a), which applies to noncitizens already in the country pending the outcome of removal proceedings. Dkt. 1 at 9. Petitioner received an individualized bond hearing pursuant to Section 1226(a). Dkt. 11-1. Based on what is

3

before the Court, Petitioner has not sought a stay of proceedings to pursue an appeal to the BIA of the Immigration Judge's determination nor does the Court conclude circumstances favor waiver of administrative exhaustion at this juncture. Accordingly, the Court deems it appropriate to deny Petitioner's request for a preliminary injunction and will instead direct the parties to show cause as to why this action should not be dismissed in its entirety.

Upon consideration, the Court **Orders** as follows:

1. The Court **DENIES as MOOT** Petitioner's request for preliminary injunction.

2. The Court **ORDERS** Petitioner to show cause in writing as to why the case in its entirety should not be dismissed as moot on or before **December 1, 2025**. Respondents shall respond on or before **December 8, 2025**. Petitioner shall file any reply on or before **December 16, 2025**.

**IT IS SO ORDERED.**

Dated: November 25, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE